IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20870
_____


PAULINO ZAVALA,

Plaintiff-Appellant,

versus

CITY OF HOUSTON, TEXAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3098)
_____

September 24, 1999

Before JOLLY and SMITH, Circuit Judges, and SARAH S. VANCE,[*]
District Judge.

PER CURIAM:[**]

The issue presented in this appeal is whether Paulino Zavala

has waived his right to assert federal and state civil rights

claims against the City of Houston in this cause by entering into

a "Confidential Last Chance Agreement" and an "Acknowledgment and

Acceptance of the Offer of a Twenty Calendar Day Suspension."  We

conclude that the terms of the agreements do not evidence an intent

_____

[*]District Judge of the Eastern District of Louisiana, sitting
by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to waive the right to pursue these civil actions against the City of Houston, Texas.

The agreements contain the following, relevant language:

<u>Confidential Last Chance Agreement</u>

I, Paulino Zavala, employee no. 84155, on this day agree to accept the following terms of Police Chief C. O. Bradford's offer of a 20 calendar day suspension and non-disclosure agreement.

\*\*\*

**I agree to waive any appeal I may have by law or otherwise**.

\*\*\*

Neither I nor my representative will publish or disclose any information about this procedure, investigation of case no 96-1832 or settlement.

<u>Acknowledgment and Acceptance of the Offer of a<br>Twenty Calendar Day Suspension</u>

I, Paulino Zavala, Employee No. 84155, employed in the City of Houston Police Department as a Police Officer, on this day accept the offer of a 20 calendar day suspension in lieu of an indefinite suspension from C. O. Bradford, Chief of Police, **and waive any and all rights to appeal the suspension.** I understand that this offer is made pursuant to §143.119(f) of the TEX. LOC. GOV'T. CODE and by accepting this offer of a 20 calendar day suspension, **I am waiving my rights of appeal including appeal to both the Firefighters' and Police Officers' Civil Service Commission and/or to a third party Hearing Examiner.**

The City of Houston argues that the agreements are a release or waiver by Officer Zavala of any state or federal claims that he may have had as a result of the City's investigation. In support of its argument, the City points to the nondisclosure agreement as evidencing a broad waiver of all rights to sue in any court. Thus,

2

the City argues that because he can disclose no information concerning his suspension in case number 96-1832, Officer Zavala is foreclosed from pursuing this cause of action against the City for employment discrimination and retaliation. We find no merit in this argument based on the narrow waiver language embodied in each agreement.

The release of federal claims is governed by federal law. Williams v. Phillips Petroleum Co., 23 F.3d 930, 935 (5th Cir. 1994). Although public policy favors the voluntary settlement of claims and enforcement of releases, a party advocating such a release must demonstrate that his opponent signed a release that addresses the claims at issue. Id. The "Confidential Last Chance Agreement" and the "Acknowledgment and Acceptance of the Offer of a Twenty Calendar Day Suspension" constitute a waiver of Officer Zavala's right to appeal his disciplinary suspension. This lawsuit cannot possibly be considered an appeal from his disciplinary suspension.

A waiver of a federal remedial right is not lightly to be inferred. Watkins v. Scott Paper Co., 530 F.2d 1159, 1172 (5th Cir. 1976). Any writing asserted as a waiver must specifically address the rights that it allegedly waives and must be strictly construed. Such a degree of specificity is necessary to demonstrate an actual voluntary and knowing waiver. Furthermore,

any ambiguity contained in a waiver, like any other contract, must be construed against the party who drafted it.

As to the state law claim, a federal court exercising supplemental jurisdiction over a state law claim must apply the substantive law of the state in which it sits. United Mine Workers v. Gibbs, 389 U.S. 715, 726 (1966). With regard to Officer Zavala's claim under the Texas Whistleblower Act, the sufficiency of any waiver will be evaluated pursuant to Texas state law. Under Texas law, in order to effectively release a claim, a releasing instrument must mention the claim to be released. Victoria Bank & Trust Co. v. Brady, 811 S.W.2d 931, 938 (Tex. 1991). Additionally, general categorical release clauses are narrowly construed. Id.; Duncan v. Cessna Aircraft Co., 665 S.W.2d 414, 422 (Tex. 1984). Thus, the analysis of the validity of the waiver under Texas state law does not render a significantly different result from the analysis under federal common law. See HECI Exploration Co. v. Holloway, 862 F.2d 513, 523 (5th Cir. 1988) (holding federal common law and Texas state law on waiver do not differ significantly).

A straightforward reading of the writings in this case leads to the conclusion that each agreement is limited to a specific waiver of Officer Zavala's right to appeal his twenty calendar day disciplinary suspension in a specific case, number 96-1832. Under no guileless reading of this narrow language can the "Confidential

4

Last Chance Agreement" or the "Acknowledgment and Acceptance of the Offer of a Twenty Calendar Day Suspension" be expanded to constitute a waiver of Officer Zavala's right to assert a civil action against the City of Houston. Thus, the lower court erred in holding that the City of Houston proved, as a matter of law, that Officer Zavala released his federal and state civil rights claims.

Although these agreements plainly do not affect Officer Zavala's right to assert a claim for violation of federal or state law in federal court, the nondisclosure clause contained in the agreement may, or may not, limit his ability to successfully prosecute any such claims. We do not address in any way how these agreements may affect the admissibility of evidence in this proceeding nor affect other rights or obligations that the parties may claim as a result of these agreements. We only hold that the agreements do not act as a bar to pursuing his claim in the district court. How far that pursuit may go is, in the first instance, for the district court to say.

For the forgoing reasons, the judgment of the district court is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.